STATE OF MAINE                          DISTRICT  COURT
PENOBSCOT, SS.                          CRIMINAL ACTION
                                        DOCKET NO CR-08-489,
                                        WRA

STATE OF MAINE,
                                        ┌─────────────────────────┐
                                        │  FILED & ENTERED        │
                                        │  SUPERIOR COURT         │
        v.                   ORDER      │     JAN 1 5 2009         │
                                        ├─────────────────────────┤
                                        │  PENOBSCOT COUNTY       │
RAYMOND MAILLOUX                        └─────────────────────────┘


        Hearing was held on the defendant's motion to suppress on January 7, 2009,

2002. The State was represented by counsel, Gregory Campbell, Esq., while the

defendant was present and represented by counsel, Marvin Glazier, Esq. In his motion,

the defendant seeks the suppression of statements.

        On the night of May 24, 2008, officer Tall of the Bangor Police Department, who

was in uniform and on routine patrol, noticed a distinctive pick-up truck leaving the

area of a construction site. He also noticed that the truck's lights were not on so he

decided to stop it. He activated his blue lights, but the truck accelerated and failed to

stop immediately. The driver, who the officer was unable to see, made several turns and

eventually the officer lost sight of the truck for a short period, only to find it parked

behind an area bar. Officer Tall stopped his cruiser in the roadway, approached the

bouncer at the bar, and asked him if he had just seen someone coming from the truck

that the officer had been following. The bouncer said he had not seen anyone coming

from the truck, but he had just seen two people coming from the vicinity of the truck

enter the bar and pointed them out to the officer. When the officer looked at the

defendant, he turned around and promptly went further into the bar. The officer

followed him into the bar, and, because the defendant was not facing him, the officer

tapped him on the shoulder and motioned to him to accompany the officer out of the

bar. He used no other persuasion or force to cause the defendant to leave the bar. Officer Tall had not been able to identify the driver and he wanted to ask this person if he had been driving the truck.

Officer Tall and the defendant went outside the bar to an area that was not close to the cruiser and the officer asked questions to ascertain if the defendant had been driving the truck. The officer told the defendant that he had seen him driving and he had better have a good reason for driving in that manner. The defendant didn't provide an answer, instead saying, "I don't need this sh.."; but when asked if he had been alone, he indicated he had had a passenger. The officer then asked for the defendant's license and the defendant gave it him. The officer asked if the truck was his and the defendant admitted that it was. Next, officer Tall asked the defendant if he ran because he had been drinking and the defendant said "yes". This interaction lasted for about a minute. The officer noticed the odor of alcohol coming from the defendant and also noticed that he had glassy eyes. He then asked another officer who was present, Officer Stuart, to conduct field sobriety tests and, before beginning the tests, heard that officer ask the defendant if he had been driving and heard the defendant indicate that he had. Neither officer gave a *Miranda* warning to he defendant.

The suppression issue in this case is whether the state has proved by a preponderance of the evidence that defendant was not in custody when he made the statements described above. *State v. Hewes, 558 A.2d 696, 698 (Me. 1989).* For *Miranda* purposes, a person is in custody when, considering the totality of the circumstances, a reasonable person in the situation of the accused would believe he or she was subject to formal arrest or restraint on freedom of movement to a degree associated with formal arrest. *State v. Hollaway, 2000 ME 172, P14, 760 A.2d at 228.* Many factors have been recognized as being relevant to this inquiry, including (1) the locale where the

defendant made the statements; (2) the party who initiated the contact; (3) whether there was probable cause to arrest; (4) subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it); (7) Whether the suspect was questioned in familiar surroundings; (8) the number of law enforcement officers present; (9) the degree of physical restraint placed upon the suspect; and (10) the duration and character of the interrogation.

Applying this standard and these factors to this case, the court concludes that Mr. Mailloux was not in custody. The defendant made the challenged statements outside the bar in a public setting in neutral surroundings, and not particularly close to the police cruise. Officer Tall initiated the contact and the defendant was the focus of the investigation. He may have had minimal probable cause to arrest based on the bouncer's statement, but he certainly did not have a provable case against the defendant without gathering additional evidence, such as defendant's statement. Although Officer Tall motioned to the defendant to come out of the bar and told the defendant that the he had seen him driving the truck involved in the chase, he did not indicate to the defendant that he was not free to leave and did not restrain the defendant in any way. Additionally, a person in the situation of the accused may have doubted that the officer had in fact seen him driving because one would be expected to be arrested if identified as the driver in a chase and officer Tall had only tapped the defendant on the shoulder and motioned for him to come outside. The defendant expressed no subjective views or

beliefs, explicitly of implicitly, indicating that he felt he was under arrest or in circumstances similar to a formal arrest. The defendant made the relevant statements first to Officer Tall while he was alone and then to Officer Stuart after Officer Tall turned the defendant over to him, there being no period of joint questioning. The questioning was of extremely short duration and, as described above, its character was relatively benign.

Based on these factors, especially when the nature of the surroundings, lack of restraint, and the character of the questioning is considered, as well as the absence of an assertion or behavior by the officer indicating that the defendant was in custody, the court finds that the state has proved by a preponderance of the evidence that a reasonable person in the situation of the accused would have felt that he or she was not subject to formal arrest or restraint on freedom of movement to the degree associated with formal arrest.

MOTION DENIED.

The clerk is directed to incorporate this Order into the docket by referene.

Dated: January 14, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

State of Maine v. Raymond Mailloux
Penobscot County Superior Court CR-2008-489

District Attorney:

Gregory Campbell, Assistant District Attorney
Office of the District Attorney
97 Hammond Street
Bangor, ME 04401

Telephone: 942-8552

Defense Counsel:

Marvin H. Glazier, Esq.
Vafiades, Brountas, and Kominsky
P.O. Box 919
Bangor, ME 04402-0919

Telephone: 947-6915